IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHARLES JAMES HESS
ADC #660146                                                                                           PLAINTIFF

v.                                              3:24-cv-00158-DPM-JJV

DOE, Doctor,
Independence County Jail                                                                              DEFENDANT

### ORDER

Charles James Hess ("Plaintiff") has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* ("IFP Application").

### I.   PROCEEDING *PRO SE*

Plaintiff is proceeding *pro se*, which means without the assistance of an attorney. The Court is sensitive to the fact that *pro se* litigants are not trained in the law and will give deference to them where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). For this reason, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. The Court will not consider claims stated in notices or other pleadings that fail to comply with the Federal Rules of Civil Procedure. **This means all allegations against all defendants must be included in one document that is labeled a complaint or amended complaint. Importantly, an amended complaint will replace the original complaint and render it without any legal effect.**

Plaintiff also must comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Local Rule 5.5(c)(2), which states:

1

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. **If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2) (emphasis added). And, Plaintiff should be aware of the three-strike rule, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mail sent to Plaintiff at the Independence County Detention Facility, which is his last known address, has been returned to the Clerk because he is no longer there. (Doc. 3.) This case cannot proceed if the Court and parties do not have a valid mailing address for Plaintiff. Accordingly, I will give Plaintiff thirty days to update his mailing address as required by Local Rule 5.5(c)(2).

## II.     CONCLUSION

IT IS, THEREFORE, ORDERED that if Plaintiff wishes to continue with this lawsuit, he must provide the Clerk with his current mailing address. If he does not do so **within thirty (30) days of the date of this Order**, I will recommend this case be dismissed without prejudice.

DATED this 3rd day of October 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE